## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHANNON WEAVER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 1:16-cv-00209** |
| **v.** ) | |
| ) | |
| **INFIRMARY HEALTH HOSPITALS,** ) | |
| **INC. d/b/a INFIRMARY LONG TERM** ) | |
| **ACUTE CARE HOSPITAL,** ) | |
| ) | |
| **Defendant.** ) | |

## RESPONSE OF INFIRMARY HEALTH HOSPITALS, INC.
## TO PLAINTIFF'S COMPLAINT

The Defendant, Infirmary Health Hospitals, Inc. d/b/a Infirmary Long Term Acute

Care Hospital (IHH) finds the following separate and several defenses to Plaintiff's

complaint.

### FIRST DEFENSE

For response to the separately numbered paragraphs of Plaintiff's Complaint

Defendant says as follows:

1.  Defendant admits the jurisdictional allegations of Plaintiff's Complaint.

2.  Defendants admits the venue is proper in the Southern District of Alabama.

Defendant denies the remainder of the allegations contained in Paragraph 2 of Plaintiff's

Complaint.

3.    Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's

Complaints.

4.     Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's

Complaint.

5.    Defendant admits that Shannon Weaver was a registered nurse employed by

IHH from June 3, 2013 to April 2, 2014. Defendant denies the remainder of the

allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Defendant admits that the hospital where Weaver was assigned was a long-

term acute hospital which housed and cared for patients needing acute care including

respiratory therapy, wound treatment, pain management and other treatments.  Defendant

admits that some of the care was reimbursed by Medicare and/or Medicaid.   Defendant

denies the remainder of the allegations contained in Paragraph 6 of Plaintiff's complaint.

7.    Defendant admits that Mary VanDeven and Vanessa Lunsford were among

the supervisors to whom Weaver reported.

8.    Defendant denies the allegations contained in Paragraph 8 of Plaintiff's

Complaint.

9.    Defendant denies the allegation contained in Paragraph 9 of Plaintiff's

Complaint.

10.  Defendant denies the allegations contained in Paragraph 10 of Plaintiff's

Complaint.

11.  Defendant denies the allegations contained in Paragraph 11 of Plaintiff's

Complaint.

12.  Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.  Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.  Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.  Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.   Defendant admits that Plaintiff was terminated on April 2, 2014 following an investigation into patient abuse issues.

17.  Defendant admits that a report was made to the Alabama Board of Nursing by the Plaintiff and that it responded to a subpoena from the Board of Nursing.  Defendant lacks sufficient information and knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 17.

18.  Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.  Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.   Defendant adopts, and incorporates by reference its response to Paragraphs 1 through 19 of Plaintiff's Complaint in response to Paragraph 28 of Plaintiff's Complaint.

21.  Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.  Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.  Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.  Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.  Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.  Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.  Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.  Defendant adopts, and incorporates by reference its response to Paragraphs 20 through 27 of Plaintiff's Complaint in response to Paragraph 28 of Plaintiff's Complaint.

29.  Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.  Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.  Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## SECOND DEFENSE

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## THIRD DEFENSE

Count 2 of Plaintiff's Complaint, Defamation, is barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff did not engage in activity constituting "protected conduct" under 31 U.S.C. § 3730(h)

## SIXTH DEFENSE

Plaintiff cannot demonstrate that Defendant and/or its decision makers were aware that she had engaged in "protected conduct" under 31 U.S.C. § 3730(h)

## SEVENTH DEFENSE

There is no causal connection between Plaintiff's alleged protected conduct and Defendant's conduct toward Plaintiff

## EIGHTH DEFENSE

Defendant maintains an adequate and effective anti-retaliation policy.

## NINTH DEFENSE

Any and all actions taken and/or made by Defendant were solely for reasons that were a legitimate business necessity based on good proper criteria and in good faith with no retaliatory intent whatsoever.

## TENTH DEFENSE

Defendant had legitimate non-discriminatory business reasons for the actions of which Plaintiff complains.

## ELEVENTH DEFENSE

Defendant's conduct would have been the same regardless of any allegedly unlawful motive.

## TWELFTH DEFENSE

Plaintiff is precluded from recovering compensatory or other damages under 31 U.S.C. § 3730(h) as there is no evidence of retaliation by Defendant.

## THIRTEENTH DEFENSE

Plaintiff is precluded from recovering compensatory or other damages under 31 U.S.C. § 3730(h) as there is no evidence that  Defendant intentionally, willfully, recklessly, with malice or with indifference to the Plaintiff's rights.

## FOURTEENTH DEFENSE

Plaintiff's claims for equitable relief may not be tried before a jury.

## FIFTEENTH DEFENSE

Plaintiff's claim for Defamation is not actionable because the facts conveyed by Defendant to the Alabama Board of Nursing were true and accurate.

## SIXTEENTH DEFENSE

Plaintiff's claim for Defamation is not actionable because any communications made by Defendant to the Alabama Board of Nursing were protected as privileged communications for which Defendant is immune from liability.

6

## SEVENTEENTH DEFENSE

Plaintiff's claim for Defamation is not actionable because any communications by Defendant to the Alabama Board of Nursing were made in good faith and without malice and were subject to a qualified privilege affording Defendant immunity under Alabama law.

## EIGHTEENTH DEFENSE

The Defendant's report of Plaintiff's conduct to the Alabama Board of Nursing was in compliance with its duties and obligations under the Nursing Practices Act and other applicable laws governing health care providers.

## NINETEENTH DEFENSE

Plaintiff's claims for punitive damages for Defamation is barred by her failure to comply with *Ala. Code* 6-5-186.

## TWENTIETH DEFENSE

Plaintiff's claims that she was terminated on the basis of unlawful retaliation is barred by the doctrine of collateral estoppel because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

## TWENTY-FIRST DEFENSE

Plaintiff's claims that she was terminated on the basis of race or illegal retaliation are barred by the doctrine of res judicata because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

**TWENTY-SECOND DEFENSE**

Plaintiff is barred from claiming damages for termination by the doctrine of collateral estoppel because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

**TWENTY-THIRD DEFENSE**

Plaintiff is barred from claiming damages for termination by the doctrine of *res judicata* because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages,

in whole or in part, on the basis of invidiously discriminatory characteristics, including

the corporate status of a defendant, (4) is permitted to award punitive damages under a

standard for determining liability for punitive damages that is vague and arbitrary as to

damages permissible, and (5) is not subject to judicial review on the basis of objective

standards, would violate Defendant's substantive and procedural due process and equal

protection rights guaranteed by the Fourteenth Amendment to the United States

Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated

into the Fourteenth Amendment, and by the Alabama constitutional provisions providing

for due process, equal protection and the guarantee against double jeopardy.

**TWENTY-SIXTH DEFENSE**

Defendant reserves the right to amend this answer to add such other defenses as

may be available under the circumstances.

s/ Celia J. Collins

Celia J. Collins                    (COLLC1368)
Attorney for Defendant
P. O. Box 1988
Mobile, Alabama   36633
(251) 432-7682
(251) 432-2800 facsimile
cjc@johnstoneadams.com

OF COUNSEL:
JOHNSTONE ADAMS, L.L.C.

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Abby Richardson
Richardson Law Firm, LLC
118 N. Royal Street, Suite 100
Mobile, AL 36602

s/ Celia J. Collins

1186889.docx